IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| THOMAS ALLEN MCKENDRICK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-050 |
| | ) | |
| BULLOCH CO. JAIL; SHERIFF NOEL | ) | |
| BROWN; LT. BEVERLY PRINCE; and | ) | |
| CAPT. KENNETH THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Dodge State Prison ("DSP") in Chester, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      SCREENING THE COMPLAINT

A.      BACKGROUND

Plaintiff names the following Defendants: (1) Bulloch County Jail, (2) Sheriff Noel Brown, (3) Lt. Beverly Prince, and (4) Capt. Kenneth Thompson.  (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts as follows.

On July 7, 2020, inmate Gabriel Michael Lawton was housed with Plaintiff in his cell. (Id. at 11.)  That night, inmate Lawton attacked Plaintiff in his sleep and beat him unconscious (Id.)  It took two individuals, Mr. Nail and Mr. Hendrix, to pull him off.  (Id.)  Plaintiff was rushed to the Medical College of Georgia to have facial, ear, and nose surgery.  (Id.)  Plaintiff spent twelve days in the hospital and still struggles with pain, dizziness, and headaches.  (Id.)  Plaintiff alleges jail personnel were aware of inmate Lawton's mental condition that caused him to harm Plaintiff, and inmate Lawton should have never been placed in a cell with Plaintiff. (Id. at 11-12.)  Plaintiff did not follow the administrative remedies process because of his headaches.  (Id. at 2, 5-9.)  Plaintiff seeks damages for pain and suffering in the amount of $750,000.00 and punitive damages in the amount of $10,000,000.00.  (Id. at 4.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Bulloch County Jail Is Not Subject to Liability in a § 1983 Suit**

Bulloch County Jail is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med.

3

Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all.").  Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendant Bulloch County Jail.

### 3. Plaintiff Fails to State a Claim Against Defendants Brown, Prince, and Thompson

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")  Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury.  Here, Plaintiff lists Defendants Brown, Prince, and Thompson as Defendants in the caption of the complaint and the portion of the form reserved for identifying Defendants, (doc. no. 1, pp. 1-2), but he does not mention them anywhere in his statement of claim.  As Plaintiff does not connect Defendants Brown, Prince, and Thompson to any alleged constitutional violation, they should be dismissed.

**4.    Plaintiff Fails to State a Valid Failure to Protect Claim Against Defendants Brown, Prince, and Thompson**

Plaintiff seeks to hold Defendants Brown, Prince, and Thompson liable for failing to protect him from the assault by inmate Lawton.  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted).  Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates.  Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).  When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).  However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured.  It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials."  Gullatte, 654 F.2d at 1012.  "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment.  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate-on-inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'"  Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (per curiam) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a

substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective standard.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components:  one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect and inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff has not alleged facts to establish that Defendants consciously disregarded a substantial risk of serious harm.  Plaintiff fails to allege any facts suggesting that, prior to the attack, Defendants knew inmate Lawton was a serious threat or would attack Plaintiff.  Mere knowledge of inmate Lawton suffering from mental health problems is insufficient.  At most,

the facts alleged by Plaintiff suggest negligence.  Accordingly, Plaintiff fails to state a claim.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA